DAUKSCH, Judge.
This is an appeal from an order denying a motion for discharge. The appellant urges he was denied a speedy trial under Rule 3.191. The trial judge made an error in his calculations and for that we must reverse.
The appellant was arrested on November 21, 1980, for a non-capital felony so his right to a speedy trial began that day and ran for 180 days. In his calculations, the judge figured as follows.
He [appellant] remained in the Seminole County Correctional Facility available for trial 94 days, or until he was taken into custody by Federal authorities and removed to stand trial on Federal charges in New Hampshire on February 23, 1981. The Defendant returned to Florida on August 25, 1981 and remained available for trial until October 11, 1981 [sic], when in custody of Federal authorities he was transported to the U.S. Penitentiary in Lewisburg, Pennsylvania to begin serving a Federal sentence. In this interim 47 [sic] days elapsed. The defendant returned to Florida the second time on October 7, 1982, and remained available for trial until November 16, 1982, when speedy trial was tolled by failure of the Defendant or counsel to appear for hearing scheduled by the latter on a motion for discharge of the Defendant which counsel had never filed. During the second interim 37 [sic] days elapsed. Thus, the total elapsed time the Defendant has been continuously available for trial in this court (using dates most favorable to the Defendant) is 178 [sic] days.
The correct calculations are as follows. The appellant was available for 94 days between November 21, 1980 and February 23, 1981. He was again available from August 25, 1981 until November 11, 1981 (the date the record indicates he was taken into custody to be transferred to the penitentiary). Thus, 78 more days elapsed. The appellant was also available from October 7, 1982 until at least November 16, 1982.[1] Forty more days elapsed during this period. So, even as of November 16, 1982, a total of 212 days had elapsed. Thus, as said, the appellant must be discharged. The order denying discharge is reversed and this cause is remanded for entry of an order of discharge.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. The appellant was probably available even beyond this point since the record contains no notice to the appellant that a hearing would be held on that date.